■ CHRISANTHI BALASIS et al., Respondents, v POWER U.S. PROPERTIES, INC., Appellant. [674 NYS2d 679] —Order, Supreme Court, New York County (Richard Braun, J.), entered September 10, 1997, denying defendant's motion for summary judgment, unanimously affirmed, with costs.

In this action in which plaintiff seeks to recover for injuries she allegedly sustained by reason of negligent maintenance of a stairway, defendant, the landlord of the subject premises, although out-of-possession at the time of plaintiff's accident, was not entitled to summary judgment dismissing the complaint. Defendant acknowledges that in the agreement pursuant to which the subject property was leased, it reserved the right to re-enter to inspect and, if necessary, make repairs and other alterations, and defendant's chief executive admitted that he sometimes inspected the building and, on occasion, used the stairs in question. This circumstance, coupled with plaintiff's testimony as to the obviously defective condition of the subject stairway, raises an issue of fact as to defendant's actual notice of the alleged defects in the stairway. Accordingly, since neither the issue of control nor that of notice may at this point be resolved in defendant's favor, defendant did not demonstrate its entitlement to judgment as a matter of law and its motion for summary judgment was properly denied (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). We also agree with the motion court that, at trial, plaintiff may testify from her experience as to the condition and dimensions of the stairway (*see, Havas v Victory Stock Paper Co.*, 49 NY2d 381, 386). Concur—Sullivan, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.